# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEPHEN BYTHEWAY,** <br> **Montgomery County Correctional Facility** <br> **60 Eagleville Road** <br> **Eagleville, PA 19403** <br>            Plaintiff, <br><br>     v. <br><br> **DETECTIVE SEAN JOHNSON,** <br> **Borough of Sharon Hill Police Department** <br> **Sharon Hill Borough Hall** <br> **1110 Spring Street** <br> **Sharon Hill, PA 19079,** <br><br> **DETECTIVE VINCENT PROCOPIO,** <br> **Borough of Sharon Hill Police Department** <br> **Sharon Hill Borough Hall** <br> **1110 Spring Street** <br> **Sharon Hill, PA 19079,** <br><br> **PATROLMAN DOMENIC DELLABARBA,** <br> **Borough of Sharon Hill Police Department** <br> **Sharon Hill Borough Hall** <br> **1110 Spring Street** <br> **Sharon Hill, PA 19079,** <br><br> **OFFICER JOHN DOE #1,** <br> **Borough of Sharon Hill Police Department** <br> **Sharon Hill Borough Hall** <br> **1110 Spring Street** <br> **Sharon Hill, PA 19079,** <br><br> **OFFICER JOHN DOE #2,** <br> **Borough of Sharon Hill Police Department** <br> **Sharon Hill Borough Hall** <br> **1110 Spring Street** <br> **Sharon Hill, PA 19079,** <br><br> **OFFICER JOHN DOE #3,** <br> **Borough of Sharon Hill Police Department** <br> **Sharon Hill Borough Hall** <br> **1110 Spring Street** <br> **Sharon Hill, PA 19079,** | **CIVIL ACTION** <br><br><br><br> **JURY TRIAL DEMANDED** |

**OFFICER JOHN DOE #4,**
Borough of Sharon Hill Police Department
Sharon Hill Borough Hall
1110 Spring Street
Sharon Hill, PA 19079,

**OFFICER JOHN DOE #5,**
Borough of Sharon Hill Police Department
Sharon Hill Borough Hall
1110 Spring Street
Sharon Hill, PA 19079,

**OFFICER JOHN DOE #6,**
Borough of Sharon Hill Police Department
Sharon Hill Borough Hall
1110 Spring Street
Sharon Hill, PA 19079,

**OFFICER JOHN DOE #7,**
Borough of Sharon Hill Police Department
Sharon Hill Borough Hall
1110 Spring Street
Sharon Hill, PA 19079,

        **Defendants.**

<u>**PLAINTIFF'S COMPLAINT**</u>

    I.  <u>**PRELIMINARY STATEMENT**</u>

1. This is a civil rights action for monetary damages brought pursuant to 42 U.S.C. § 1983 as well as the Fourth and Fourteenth Amendments to the United States Constitution, and raising supplemental state-law claims related to Defendants' use of excessive force and/or deliberate indifference to Plaintiff's need for medical treatment for injuries inflicted by Defendants, who hit him with a police car, pinned him between two vehicles, assaulted him, and deprived him of medical treatment causing long-term injury and great pain to his left lower leg, left hip, left knee, ribs, and abdomen.

2. Due to Defendants' actions and inactions, Plaintiff suffered extensive injuries to his left leg and torso, for which he received medical treatment at Mercy Catholic Medical Center, Fitzgerald Campus and at the Medical Department of Montgomery County Correctional Facility. Plaintiff also experienced substantial pain and suffering, long term rehabilitation, and emotional distress as a result of Defendants' actions and inactions.

3. Plaintiff now seeks monetary damages for the trauma to his leg, substantial pain and suffering, and financial losses caused by Defendants' conduct, as well as punitive damages for Defendants' willful, malicious, and oppressive conduct.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343; pendent jurisdiction to consider claims under state law; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate claims arising under state law.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this claim occurred within Delaware County, Pennsylvania, within the Eastern District of Pennsylvania.

## III.    PARTIES

6. Plaintiff, Stephen Bytheway (hereinafter "Plaintiff"), is 42 years old and an inmate currently incarcerated at Montgomery County Correctional Facility (hereinafter "MCCF"), located in Montgomery County, Pennsylvania, at 60 Eagleville Road, Eagleville.

7. Defendant, Detective Sean Johnson (hereinafter "Johnson"), is and was at all times relevant to this Complaint a police detective with the Borough of Sharon Hill Police Department with a

business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

8. Defendant, Detective Vincent Procopio (hereinafter "Procopio"), is and was at all times relevant to this Complaint a police detective with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

9. Defendant, Patrolman Domenic Dellabarba (hereinafter "Dellabarba"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

10. Defendant, Officer John Doe #1 (hereinafter "Doe #1"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

11. Defendant, Officer John Doe #2 (hereinafter "Doe #2"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

12. Defendant, Officer John Doe #3 (hereinafter "Doe #3"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

13.     Defendant, Officer John Doe #4 (hereinafter "Doe #4"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

14.     Defendant, Officer John Doe #5 (hereinafter "Doe #5"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

15.     Defendant, Officer John Doe #6 (hereinafter "Doe #6"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

16.     Defendant, Officer John Doe #7 (hereinafter "Doe #7"), is and was at all times relevant to this Complaint a police officer with the Borough of Sharon Hill Police Department with a business address of Sharon Hill Borough Hall, 1110 Spring Street, Sharon Hill, Pennsylvania, located in Delaware County. He is sued in his individual capacity.

17.     At all times relevant to this Complaint, Defendants acted under color of state law.

### IV.     **FACTUAL ALLEGATIONS**

18.     Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

19.     On or about March 5, 2024, Plaintiff exited a residence located at 1557 Clifton Avenue, Borough of Sharon Hill, Delaware County, Pennsylvania, and walked down a dark alley behind

the residence, where he saw an older model unmarked white SUV parked on the side of the alley, approximately ten to twelve feet ahead of him.

20. When Plaintiff entered the driving lane next to the alley, the white unmarked SUV, which was driven by Defendant Johnson, began moving towards Plaintiff at a high rate of speed.

21. Defendant Johnson never requested to speak with Plaintiff or ask him to stop before he sped towards him.

22. In a state of panic, Plaintiff turned away from the SUV and took two steps to get out of the way.

23. Defendant Johnson struck Plaintiff with the SUV, and the momentum of the vehicle caused Plaintiff's body to lift onto the hood of the vehicle.

24. Plaintiff desperately screamed for Defendant Johnson to stop the vehicle as he felt himself being pulled under the front of the car.

25. Fearing that he would be killed, Plaintiff clung to the hood of the vehicle as Defendant Johnson travelled approximately twelve feet forward.

26. Defendant Johnson swerved into a parked vehicle with his SUV, causing Plaintiff to fall off the side of the hood and become pinned between the SUV and the parked vehicle.

27. As Defendant Johnson slowed the SUV, Plaintiff was wedged between the two vehicles with his body being grinded between them.

28. Once Defendant Johnson's vehicle came to a stop passing the parked vehicle, Plaintiff was spun to the ground by the momentum.

29. Plaintiff then stood up and moved away from Defendant Johnson's SUV towards the front yards of some residences.

30. Plaintiff was in fear for his life because, up to this point, no one had identified themselves as law enforcement officers.

31. Unbeknownst to Plaintiff, there was an active warrant for his arrest from Montgomery County, stemming from charges filed on December 15, 2023, regarding an alleged incident on May 5, 2023.

32. Detective Johnson pursued Plaintiff because of this warrant.[1]

33. As Plaintiff moved approximately fifteen feet from Defendant Johnson's SUV, other officers quickly arrived. These officers included Defendants Dellabarba, Procopio, and John Does #1 through #3.

34. Defendant Johnson as well as Defendants Dellabarba, Procopio, and John Does #1 through #3 tackled Plaintiff and proceeded to beat Plaintiff by throwing punches and kicking him into submission prior to throwing him into the back of a patrol car.

35. When Plaintiff was transported to the Darby Borough Police Station from the scene, he was screaming in pain from the injuries he sustained from Defendant Johnson's car and the assault by other police officers and urgently needed medical care.

36. Plaintiff was then transferred by a police officer to the Borough of Sharon Hill Police Station, where he was placed in a holding cell.

37. While in the holding cell, Plaintiff screamed in pain and begged for medical assistance for four hours within the hearing of the police officials on duty in the station.

38. Defendants John Does #4 through #7 were the Borough of Sharon Hill Police Department police officials who were present when Defendant was in the holding cell screaming for help.

---

[1] Detective Johnson acknowledged at Plaintiff's preliminary hearing that Plaintiff may not have had knowledge of the active warrant against him.

39. Even though the Defendants heard Plaintiff's screams for medical help, none of them, including defendants John Does #4 through #7, offered Plaintiff any assistance nor contacted any medical personnel to evaluate and treat Plaintiff's injuries.

40. About four hours after Plaintiff arrived at the Borough of Sharon Hill Police Department, he was finally taken by ambulance to Mercy Catholic Medical Center, Fitzgerald Campus where his injuries were evaluated and treated.

41. When Montgomery County police officers arrived at Mercy Catholic Medical Center due to the detainer there, they ordered the hospital to rush the treatment of Plaintiff so that he could be transported to MCCF, which resulted in an incomplete evaluation and treatment of Plaintiff's injuries.

42. Because of the Montgomery County Police Officers' interference with Plaintiff's medical treatment, Plaintiff received minimal treatment for his injuries at the hospital and was told by the hospital staff that follow-up evaluation would be needed.

43. While at Mercy Catholic Medical Center, Plaintiff was treated for the following injuries:

   a. Left hip and upper leg tenderness and bony tenderness with decreased range of motion;

   b. Limited mobility in his left knee (a knee immobilizer was provided);

   c. Chest, abdominal, and rib pain; and

   d. Injury to his left ankle.

44. Plaintiff spent approximately five to six hours at Mercy Catholic Medical Center, after which he was transferred into the custody of Montgomery County due to his outstanding warrant, and has been housed at MCCF since March 6, 2024.

45. Plaintiff has been suffering from numbness in his left side, a limp, and acute pain since the incidents with Defendants Johnson Dellabarba, Procopio, and John Does #1 through #3, and the neglect of Defendants Does #4 through #7.

46. The incidents with Defendants and the resulting extensive pain in his left hip, knee, and ankle, have caused Plaintiff severe emotional distress.

## V.     CLAIMS FOR RELIEF

### COUNT I: USE OF EXCESSIVE FORCE
### BY DEFENDANTS JOHNSON, DELLABARBA, PROCOPIO,
### AND JOHN DOES #1 THROUGH #3
### (FEDERAL CONSTITUTIONAL CLAIM)

47. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

48. The Fourth and Fourteenth Amendments to the United States Constitution prohibit officials from using excessive physical force against citizens during arrests as the use of such force is a type of police brutality that occurs when an officer uses more force than is reasonable to apprehend an individual.

49. The foregoing conduct of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3, acting under color of state law, constituted excessive physical force and unlawfully deprived Plaintiff of his civil and constitutional rights, including his rights, privileges, and immunities under the Fourth and Fourteenth Amendments to the U.S. Constitution, in violation of 42 U.S.C. § 1983.

50. The acts and omissions of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3, which include hitting Plaintiff with a police vehicle and beating Plaintiff, were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately, and/or by conduct so egregious as to shock the conscience.

51. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's use of force was not applied in a good-faith effort to subdue Plaintiff but rather was applied maliciously and sadistically to cause Plaintiff harm.

   a. The circumstances did not present the need to use any force at all: Plaintiff was unaware of the warrant for his arrest and received no warning from Defendant Johnson prior to being hit by his police car.

   b. The circumstances presented a *de minimis*, if any, threat to either civilian or police safety.

   c. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 applied so much force, first by hitting Plaintiff with a vehicle and then by tackling Plaintiff to the ground and beating him that he now suffers acute pain and numbness in his left side.

   d. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 made no reasonable effort to temper the severity of the force they used against Plaintiff.

   e. Plaintiff suffered severe physical injuries as a result of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's actions.

52. As a direct and proximate cause of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's actions, Plaintiff suffered serious physical injuries to the left side of his body including his leg and suffered severe emotional distress and mental anguish following the traumatic experience.

53. As a direct and proximate result of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's illegal and unconstitutional actions, Plaintiff suffered financial loss,

including medical expenses and loss of earning capacity, and the deprivation of other liberty interests, all to his great financial detriment and loss.

54. By these actions, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution, in violation of 42 U.S.C. § 1983.

### COUNT II: 42 U.S.C. §1983: DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS BY DEFENDANTS JOHN DOES #4 to #7
### (FEDERAL CONSTITUTIONAL CLAIM)

55. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

56. Plaintiff had a serious medical need when he was detained at the Sharon Hill Borough Police Department.

57. The failure of John Does #4 through #7 to call an ambulance to take Plaintiff to the hospital and/or to facilitate any other necessary medical treatment to address the serious injuries that he was suffering from being hit by a police car constituted deliberate indifference to Plaintiff's serious medical needs.

58. Because of John Does #4 through #7's failure to obtain immediate medical help for Plaintiff's serious injuries, Plaintiff experienced severe pain and suffering for many hours while detained in the Sharon Hill Borough Police Department before he was taken by ambulance to a hospital.

59. The Fourth and Fourteenth Amendments to the United States Constitution protect Plaintiff from Defendants' failure to provide medical care and required Defendants John Does #4 to #7 to provide necessary medical care to Plaintiff as a pre-trial detainee.

60. Defendants John Does #4 to #7's acts and omissions as set forth in the preceding paragraphs of this Complaint deprived Plaintiff of his Fourth and Fourteenth Amendment rights to be provided with necessary medical care, and caused Plaintiff grave physical, emotional, psychological, and other harm.

61. The acts and omissions by Defendants John Does #4 to #7, as described in the preceding paragraphs of this Complaint, were the direct and proximate cause of Plaintiff's damages and injuries and Defendants are therefore liable to Plaintiff pursuant to the Fourth and Fourteenth Amendments.

## COUNT III: CONSPIRACY
## TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)
## BY DEFENDANTS JOHNSON, DELLABARBA, PROCOPIO,
## AND JOHN DOES #1 THROUGH #7

62. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

63. At all times relevant hereto, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7, acting under color of state law, entered into an agreement and understanding among themselves to deprive Plaintiff of his constitutional rights, specifically his right to be free from the use of unreasonable and excessive force and the right to necessary medical care.

64. The conspiracy involved Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7 acting in concert to:

   a. Unlawfully apply excessive and unreasonable force against Plaintiff;

   b. Fabricate police reports or eyewitness testimony to conceal the true nature of the force used;

   c. Fail to intervene to prevent excessive force; and

    d. Fail to obtain necessary medical care while Plaintiff was detained in the Borough of Sharon Hill Police Department.

65. In furtherance of this conspiracy, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7 took the following overt acts:

    a. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 physically assaulted Plaintiff and

    b. Defendants John Does #4 through #7 failed to call an ambulance or seek any alternative medical care and treatment while Plaintiff was suffering from injuries related to the assault by Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 in the Borough of Sharon Hill Police Department.

66. None of the defendants attempted to stop the assault on Plaintiff at the scene of the arrest.

    a. Immediately following the incident, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 omitted any reference to their unlawful actions and instead focused on justifying the arrest.

67. As a result of Defendants' conspiracies, Plaintiff suffered severe physical and emotional injuries, as described in this Complaint.

## COUNT IV: BATTERY
## BY DEFENDANTS JOHNSON, DELLABARBA, PROCOPIO,
## AND JOHN DOES #1 THROUGH #3
## (STATE LAW CLAIM)

68. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

69. On or about March 5, 2024, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 intentionally made direct, harmful, and/or offensive contact to Plaintiff's person and caused Plaintiff actual physical injuries when Defendant Johnson hit him with his vehicle and

Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 tackled Plaintiff to the ground and beat him.

70. The actions of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 constitute the tort of battery under Pennsylvania law.

71. As a result of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

### COUNT V: ASSAULT
### BY DEFENDANTS JOHNSON, DELLABARBA, PROCOPIO,
### AND JOHN DOES #1 THROUGH #3
### (STATE LAW CLAIM)

72. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

73. On or about March 5, 2024, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 intentionally acted to create a reasonable apprehension in Plaintiff of immediate harmful and/or offensive contact to his person.

74. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 did in fact intentionally make harmful and/or offensive contact to Plaintiff's person when they tackled and assaulted him.

75. Plaintiff knew of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's threat to his person and did in fact experience harmful and/or offensive contact to his person.

76. The actions of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 constitute the tort of assault under Pennsylvania law.

77. As a result of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

### COUNT VI: RECKLESS DISREGARD OF SAFETY BY DEFENDANTS JOHNSON, DELLABARBA, PROCOPIO, AND JOHN DOES #1 THROUGH #7
### (STATE LAW CLAIM)

78. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

79. On or about March 5, 2024, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 tackled and assaulted Plaintiff after Defendant Johnson hit Plaintiff with a vehicle.

80. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #3 acted intentionally when they beat Plaintiff, knowing or having reason to know that they acted to create a high degree of risk that substantial harm would result to Plaintiff.

81. When Plaintiff was taken to the Sharon Hill Police Department and placed in the holding cell, Defendants John Does #4 through #7 ignored Plaintiff's screams of pain and pleas for medical assistance and treatment.

82. The conduct of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7 constitutes the tort of reckless disregard of safety under Pennsylvania law.

83. As a result of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

**COUNT VII: OUTRAGEOUS CONDUCT CAUSING
SEVERE EMOTIONAL DISTRESS
BY DEFENDANTS JOHNSON, DELLABARBA, PROCOPIO,
AND JOHN DOES #1 THROUGH #7
(STATE LAW CLAIM)**

84. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

85. On or about March 5, 2024, Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7 engaged in extreme and outrageous conduct when they injured Plaintiff with excessive force and did not provide him with medical care as he screamed in pain for hours while in custody, intentionally causing Plaintiff severe emotional distress.

86. The acts of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7 constitute the tort of outrageous conduct causing severe emotional distress under Pennsylvania law.

87. As a result of Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7's conduct, Plaintiff suffered physical injuries and experienced pain and suffering, emotional distress, and/or mental anguish.

## VI.   PUNITIVE DAMAGES

88. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if fully set forth herein.

89. Defendants Johnson, Dellabarba, Procopio, and John Does #1 through #7's conduct was outrageous, malicious, wanton, willful, reckless, and intentionally designed to inflict harm upon Plaintiff.

90. As a result, Plaintiff is entitled to punitive damages on each count because such damages are necessary and appropriate both to punish Defendants Johnson, Dellabarba, Procopio, and John

Does #1 through #7's outrageous conduct and to deter them and others from engaging in similar conduct.

## VII.    JURY DEMAND AND RELIEF DEMANDED

91.    Plaintiff demands a jury trial as to each count.

WHEREFORE, Plaintiff requests the following relief:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Reasonable attorney's fees and costs; and

    d.    Such other and further relief as appears reasonable and just.

Respectfully submitted,

/s/ Laurie R. Jubelirer
Laurie R. Jubelirer, Esquire
Jubelirer Law, LLC

Date: November 10, 2025